## George B. Chamberlin v. McCoy-Howe Company.

### Gen. No. 11,453.

1. RECOVERY—*extent of plaintiff's right of, in trial upon appeal from justice.* The plaintiff's right of recovery upon the hearing of an appeal from a judgment recovered before a justice of the peace is limited only by the amount of the jurisdiction of such justice, and in no way by the amount recovered before him.

2. TRANSCRIPT—*what not part of.* A recital in the transcript of a justice of the peace that "plaintiff claims twenty-five" dollars, is properly no part of such transcript, and in nowise operates to limit the right of the plaintiff's recovery upon appeal.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed January 6, 1905.

GEORGE SAWIN and THOMPSON W. HOAGLAND, for appellant.

ALDEN, LATHAM & YOUNG, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court in a suit originally brought before a justice of the peace and appealed to that court. The summons was in the usual form in suits before a justice, reciting that the action is "for a certain demand not exceeding two hundred dollars." The endorsement on the back of the summons also states the demand to be for $200. The transcript, as made by the justice, however, recites that the plaintiff claimed and recovered judgment for $25. In the Circuit Court appellee recovered judgment for $43.19, which is here appealed from.

The cause was before the Circuit Court for trial *de novo* and appellee was limited there only by the jurisdiction of the justice, which is for $200. The fact that he may have proved or recovered less before the justice is irrelevant. If the evidence in the Circuit Court showed appellee entitled to more than the justice awarded him, he was entitled to judgment accordingly. The recital that "plaintiff claims

twenty-five" dollars is no part of the transcript, which may properly contain a copy of the record, including process, the return of the officers thereon, the judgment, execution, if any, and return thereon, and a copy of the docket in the case. See R. S., Chap. 79, Art. XII, sec. 2. A recital like that above referred to is not evidence. Section 53, chap. 79, providing for the consolidation of all demands of a nature to be consolidated, has no application where, as here, the only dispute is as to the amount appellee was entitled to recover. It has been said to be "intended to prevent a multiplicity of suits for what may be embraced in one." Waterman v. Bristol, 1 Gil. 593-598.

The suit was brought to recover money claimed to have been collected by appellant for appellee and retained by the former. Appellant claimed to be entitled to apply a part of it on the renewal of a written contract which, by its terms, had expired. It had never been renewed, and the fact, if fact it was, that after its expiration some services may have been rendered by appellee for which the latter might have been entitled to compensation outside of the written contract can scarcely be regarded, under the evidence, as entitling appellant to treat it as renewed for another year.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Mr. Justice SMITH took no part in the decision of this case.